UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

      Plaintiff,

v.

SKY COFFEE BUENOS AIRES INC.

      Defendants.

_____/

# COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, by and through the undersigned counsel, hereby sues Defendant, Sky Coffee Buenos Aires, Inc., for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Plaintiff, Jesus Gonzalez ("Plaintiff") is an individual with disabilities as defined by the ADA, and a resident of Miami-Dade County, Florida, and otherwise *sui juris*.

4. Defendant, Sky Coffee Buenos Aires, Inc., is authorized to conduct and conducting business within the State of Florida and within the jurisdiction of this court.

Gonzalez v. Sky Coffee Buenos Aires
Complaint for Injunctive Relive

## PARTIES

5. Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

6. Plaintiff is also an advocate of the rights of similarly situated disabled persons, and a "tester" for the purpose of asserting his civil right, and to determine whether public accommodations are following the ADA/ADAAG.

7. Defendant, Sky Coffee Buenos Aires, Inc, is a Florida for-profit Corporation authorized to do business within the state of Florida, which upon information and belief is the owner and operator of Sky Coffee Buenos Aires coffee shop located within this district at, 1420 SW 1st Ct, Miami. FL 33130, and the subject to this action, and referred hereto as "Sky Coffee Buenos Aires" or "Operator".

## FACTS

8. Defendant, Sky Coffee Buenos Aires, Inc, is the owner and operator of the "Sky Coffee Buenos Aires", located at 420 SW 1st Ct, Miami. FL 33130, and open to the general public. As such, it is a Place of Public Accommodation subject to the requirements of Title III of the ADA and it's implementing regulation as defined by 42 U.S.C. §12181(7), §12182, and 28 C.F.R. §36.104.

9. As the owner/operator of a restaurant open to the public, Defendant, "Sky Coffee Buenos Aires", is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

10. On January 4, 2025, Plaintiff personally visited "Sky Coffee Buenos Aires", to inquire and/or use of their services, and to test for compliance with the ADA/ADAAG, but because he perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access, and enjoyment of the facilities, services, goods, and amenities, because of the architectural barriers met at the Subject Property

11. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by Defendant, Sky Coffee Buenos Aires, Inc, owner and operator of the coffee shop.

12. As the owner and operator of a restaurant. Defendant, is aware of the ADA and the need to provide equal access to all areas of its facilities. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its facility is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

13. As a result of the several discriminations by Defendant, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

14. Plaintiff continues to desire to patronize and/or test the "Sky Coffee Buenos Aires" coffee shop operated by Defendant, Sky Coffee Buenos Aires, Inc, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that store which are in violation of the ADA.

15. All requisite notice has been provided.

16. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this

cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

17. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

18. Congress explicitly stated that the purpose of the ADA was to:

   (i)   provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

   (ii)  provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

   (iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

   42 U.S.C. §12101(b)(1)(2) and (4).

19. Prior to the filing of this lawsuit, Plaintiff personally visited the Sky Coffee Buenos Aires coffee shop with the intention to use of their services, and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

20. Defendant, Sky Coffee Buenos Aires, Inc, has discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Subject Property in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.,* by

failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

21. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the Sky Coffee Buenos Aires coffee shop.

22. Defendant, Sky Coffee Buenos Aires, Inc, is governed by the ADA and must comply therewith. However, Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

23. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

24. Defendant, Sky Coffee Buenos Aires, Inc, is in violation of 42 U.S.C. §12181 *et seq.*, the ADA and 28 C.F.R. §36.302 *et seq.*, and Defendants, Sky Coffee Buenos Aires, Inc, as the owner/operator of a coffee shop, which is open to the public, is discriminating against the Plaintiff as a result of inter alia, the following specific violations discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

**Parking Lot & Accessible Route**

i. The parking facility does not provide compliant directional and informational signage to a compliant accessible parking space violating Section 4.6.4 of the ADAAG and Section 216.5 of the 2010 ADA Standards, whose resolution is readily achievable.

**Gonzalez v. Sky Coffee Buenos Aires**
**Complaint for Injunctive Relive**

ii. The parking area does not have the minimum number of compliant accessible parking spaces required Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The plaintiff had difficulty travelling to the building from the parking lot. Violation: The surface of the accessible route is not slip resistant and/or is broken, has loose material and unstable. Violating Section 4.3.6, 4.5.1 of the ADAAG and Section 206.2, 403.2, 302.1, 303.1 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

v. The plaintiff had difficulty travel to the building from parking lot. Violation: There is currently no existing accessible route to help persons with disabilities safely maneuver through the parking facility violating Section 4.3.7, 4.7.2 of the ADAAG and Section 206.2, 403.3, 406 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The plaintiff had difficulty to travel from the public sidewalk, as their area changes. Violation: The surface of the accessible route (sidewalk) has a non-compliant vertical change in level violating Section 4.3.6, 4.3.8 of the ADAAG and Section 403.2 403.4 of the 2010 ADA Standards, whose resolution is readily achievable

**Access to Goods and Services**
**Interior Seating**

vii. The plaintiff had difficulty travel to the interior seating area. Violation: There is no accessible route. The only means of access is by stairs. Section 4.3.8, 4.7.4 of the ADAAG and Section 206.2, 403.4, 406 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The seating provided at the facility does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

ix. The facility does not provide the required amount of seating. Failing to provide sufficient amount of seating when dining surfaces are provided for the consumption of food or drinks for person(s) with a disability in violation of section 5.1 of the ADAAG and Sections 226 of the 2010 ADA Standards.

**Exterior Seating**

x. The seating provided at the facility does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

Gonzalez v. Sky Coffee Buenos Aires
Complaint for Injunctive Relive

    xi.    The facility does not provide the required amount of seating. Failing to provide sufficient amount of seating when dining surfaces are provided for the consumption of food or drinks for person(s) with a disability in violation of section 5.1 of the ADAAG and Sections 226 of the 2010 ADA Standards.

**Public Restroom**

    xii.    The plaintiff could not use the restroom without assistance, as the required clear floor space was not provided due to the dimensions. Violation: Compliant clear floor space is not provided in the restroom, violating Sections 4.2.3 and 4.22.3 of the ADAAG and Sections 304.3 and 603.2 of the 2010 ADA Standards.

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendant, Sky Coffee Buenos Aires, Inc, operator of the Sky Coffee Buenos Aires coffee shop, and requests the following injunctive and declaratory relief:

    a)    The Court declare that Defendant has violated the ADA;

    b)    The Court enter an Order directing Defendant to evaluate and neutralize the policies, practices and procedures toward persons with disabilities,

    c)    The Court enter an Order requiring Defendant to alter the commercial property used as the a Sky Coffee Buenos Aires coffee shop, such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

    d)    The Court award reasonable costs and attorney's fees; and

    e)    The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted this January 22, 2025.

By: */s/ J. Courtney Cunningham*
Juan Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*